IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DANNY RYAN SASS,                                              CV. 08-300-MA

        Petitioner,                                  OPINION AND ORDER

  v.

J.E. THOMAS, Warden, FCI
Sheridan,

        Respondent.


STEPHEN R. SADY
Chief Deputy Federal Defender
101 S.W. Main Street, Suite 1700
Portland, OR 97204

    Attorney for Petitioner

KENT S. ROBINSON
Acting United States Attorney
District of Oregon
SUZANNE A. BRATIS
Assistant United States Attorney
United States Attorney's Office
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

    Attorneys for Respondent

1 - OPINION AND ORDER

MARSH, Judge

Petitioner, an inmate at FCI Sheridan, brings this habeas corpus proceeding pursuant to 28 U.S.C. §§ 2241, 1331, and 1334(4), challenging the Bureau of Prisons' (BOP) refusal to consider him for placement into a residential reentry center (RRC).[1]  For the reasons that follow, petitioner's petition for writ of habeas corpus is DENIED, and this proceeding is DISMISSED.

## BACKGROUND

I.  **Facts**.

On March 18, 1996, petitioner was sentenced to a 240-month term of imprisonment, to be followed by a 10 year term of supervised release for Conspiracy to Distribute Methamphetamine and Possession of Methamphetamine with Intent to Distribute and Aiding and Abetting.  Petitioner's projected good time release date is February 27, 2012.

Petitioner was initially designated to Taft Correctional Institution (CI Taft). (Response to Amended Petition (#49), Declaration of Roy N. Troutman, Exh. 1.)  On December 5, 2007, institution staff requested that petitioner be transferred due to

---

[1] The BOP refers to community correctional facilities as halfway houses, residential reentry centers, and community correction centers.  This opinion will refer to them as RRCs for consistency.  See Rodriquez v. Smith, 541 F.3d 1180, 1181 n.1 (9th Cir. 2008).

2 - OPINION AND ORDER

health concerns, and he was moved to FCI Sheridan shortly thereafter.

On February 7, 2008, Petitioner had a Program Review. Petitioner was denied consideration for RRC placement at that time. The Program Review Report dated February 28, 2008, provides the following: "RRC RECOMMENDATION:  We'll discuss 11-13 months from release[.]"

## II. **Procedural Background**.

### A.    **Statutes**.

Congress has delegated inmate placement authority to the BOP in two statutes:  18 U.S.C. §§ 3621(b) and 3624(c).  Under § 3621(b), the BOP has been delegated broad discretionary authority to determine the proper placement of inmates at the start of an inmate's prison term.  E.g., Rodriguez v. Smith, 541 F.3d 1180, 1182 (9th Cir. 2008).  Placement designations require consideration of the five factors set forth in § 3621(b):

>     (1) the resources of the facility contemplated;
>     (2) the nature and circumstances of the offense;
>     (3) the history and characteristics of the prisoner;
>     (4) any statement by the court that imposed the
>     sentence-
>         (A) concerning the purpose for which the
>         sentence to imprisonment was determined to be
>         warranted; or
>         (B) recommending a type of penal or
>         correctional facility as appropriate; and
>     (5) any pertinent policy statement issued by the
>     Sentencing Commission pursuant to section 994(a)(2) of
>     title 28.  18 U.S.C. § 3621(b).

3 - OPINION AND ORDER

When considering the transfer of an inmate during the course of his imprisonment, the BOP must consider these same five factors. 18 U.S.C. § 3621(b); Levine v. Apker, 455 F.3d 71, 85 (2d Cir. 2006); Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 247 (3d Cir. 2005).

Under § 3624(c), the BOP is required to evaluate an inmate for RRC placement near the end of an inmate's sentence. The Second Chance Act, Pub. Law 110-199, §231, 122 Stat. 657 (April 9, 2008)(SCA), amended § 3624(c), and increases an inmate's RRC eligibility from six months to twelve. That statute now provides:

> (1) In general.- The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

**B.   Pleadings.**

On March 11, 2008, petitioner filed a petition for writ of habeas corpus *pro se*. In that petition, petitioner asserts that during his February 2008 Program Review, his unit team refused to consider placing him in an RRC, and would not do so until the end of his sentence. Petitioner contends that the BOP's policy of refusing to consider inmates for RRC placement until the final 11 to 13 months of their sentences violates 18 U.S.C. § 3621(b).

With the assistance of counsel, petitioner significantly broadened the scope of his claims. In an amended petition filed February 10, 2009, petitioner challenges the validity of a variety of BOP "rules" for determining RRC placement for inmates at the end of their sentences under 18 U.S.C. § 3624(c) and at earlier points in their sentences under 18 U.S.C. § 3621(b). According to petitioner, whether the rules are considered separately or together, they are invalid procedurally under the Administrative Procedure Act (APA), 5 U.S.C. §§ 553, 706. Petitioner also asserts the rules are substantively invalid, as they conflict with the express language of 18 U.S.C. §§ 3624(c) and 3621(b), and thus are not entitled to deference under Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-43 (1984). Petitioner seeks to have the rules declared invalid and requests immediate placement in an RRC. Petitioner also contends that his request for a transfer to an RRC was denied improperly because "he had more than three years remaining on his sentence and the rules in effect at the time implementing the Second Chance Act limited consideration to prerelease transfers." (Amended Petition, (#31), ¶ 3.3.)

Coming full circle in his reply, petitioner concedes that he has not been reviewed for RRC placement pursuant to § 3624(c). Petitioner once again asserts that "the issue is whether the BOP improperly denied his request for community placement under

5 - OPINION AND ORDER

§ 3621(b) and <u>Rodriguez</u>, based on the constraints embodied in the six-month rules."

    **C.    The BOP "Rules."**

The rules challenged by petitioner in the amended petition include:  an April 14, 2008 Memorandum, Program Statement 7310.04, October 2008 regulations (28 C.F.R. §§ 570.20-22), and a November 14, 2008 Memorandum.

The April 14, 2008 guidance memorandum details changes required by the SCA, including providing an RRC assessment 17 to 19 months prior to release, instead of the previous time frame of 11 to 13 months.  The April 14 Memorandum also requires an individualized assessment of the five factors of § 3621(b).  The memorandum instructs staff that all inmates are eligible for a maximum of twelve months RRC time, but that placements for longer than six months require approval from the Regional Director.

The April 14 Memorandum references Program Statement 7310.04, which provides that RRC placements for longer than 180 days are highly unusual, are only possible with extraordinary justification, and require approval from the Regional Director.

The October 2008 regulations define community confinement and provide that inmates may be designated to RRCs near the end of their sentences for up to 12 months.  28 C.F.R. §§ 570.20-22 (2008).  The regulations also provide that designations will be determined according to § 3621(b) and will be of sufficient

6 - OPINION AND ORDER

duration to "provide the greatest likelihood of successful reintegration into the community."

The November 14, 2008, guidance memorandum to staff relates to inmate requests for transfers to RRCs when they have *more* than twelve months remaining on their sentences. The November 14 Memorandum provides that all requests must receive individualized consideration under § 3621(b) at the inmate's next scheduled Program Review. The November 14 Memorandum also requires unusual or compelling circumstances and approval from the Regional Director for RRC placements beyond six months.

## DISCUSSION

### I. This Court has Jurisdiction to Consider Petitioner's Claims under 28 U.S.C. § 2241.

By way of two "Notices of Supplemental Authority," respondent appears to contend that this court lacks jurisdiction to hear petitioner's claims because he is not challenging the "fact or duration" of his sentence. I disagree. Because petitioner is challenging the "manner, location, or conditions of a sentence's execution," his claims are properly before this court pursuant to § 2241. Rodriquez, 541 F.3d at 1181 (addressing habeas corpus claims brought pursuant to § 2241 in which inmate sought immediate placement in an RRC); Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000)(challenges to the manner, location, or conditions of confinement must be brought

pursuant to § 2241); see also Levine, 455 F.3d at 77-78 (determining that § 2241 habeas petition was the proper vehicle to challenge confinement in a federal prison versus an RRC); Woodall, 432 F.3d at 241-44(same).

## II. Petitioner's Claims under § 3624(c) are Not Ripe for Adjudication, but His § 3621(b) Claim is Ripe.

Respondent moves the court to deny petitioner's amended habeas petition because his release date is February 27, 2012, thus he is not eligible for review pursuant to § 3624(c) until 17-19 months prior to that time. Respondent argues that none of the rules about which petitioner complains have been applied to him and he has not suffered an injury under them. Petitioner concedes that he has not yet received review under § 3624(c), but contends that his request for RRC placement under § 3621(b) and Rodriquez, "based on the constraints in the six-month rules" is ripe. For the reasons set forth below, I agree that petitioner's claims under § 3624(c), and his challenges to the BOP's rules implementing the Second Chance Act are not ripe for review. However, I further conclude that petitioner's claim under § 3621(b) is properly before the court.

### A. Standards.

Article III of the United States Constitution limits the federal courts to deciding "cases" and "controversies." U.S. Const. art. III, § 2; Allen v. Wright, 468 U.S. 737, 750 (1984).

To meet this requirement, courts must consider the interrelated doctrines of standing and ripeness.  See Allen, 468 U.S. at 750; Bova v. City of Medford, 564 F.3d 1093, 1095-96 (9th Cir. 2009).

To establish standing, the petitioner must allege a "personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief."  Allen, 468 U.S. at 751.  Petitioner must demonstrate that he has suffered an injury in fact, "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical."  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)(internal citations omitted); Coalition of Clergy, Lawyers, & Professors v. Bush, 310 F.3d 1153, 1157 (9th Cir. 2002), cert. denied, 538 U.S. 1031 (2003).

"'While standing is primarily concerned with *who* is a proper party to litigate a particular matter, ripeness addresses *when* litigation may occur.'"  Bova, 564 F.3d at 1096, quoting Lee v. Oregon, 107 F.3d 1382, 1387 (9th Cir. 1997), cert. denied, 522 U.S. 927 (1997).  To meet the ripeness standard, petitioner must demonstrate a specific present harm, or the threat of specific future harm.  Laird v. Tatum, 408 U.S. 1, 14 (1972).  A claim is not ripe for adjudication if it rests upon some contingent future event.  Texas v. United States, 523 U.S. 296, 300 (1998); Bova, 564 F.3d at 1093.  The ripeness doctrine seeks "to prevent the

9 - OPINION AND ORDER

courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." Abbott Labs. v. Gardner, 387 U.S. 136, 148-49 (1967), overruled on other grounds, Califano v. Sanders, 430 U.S. 99 (1972).  In evaluating ripeness, the court must consider the "fitness of the issues for review and the hardship to the parties of withholding consideration." Id. See also Toilet Goods Ass'n v. Gardner, 387 U.S. 158 (1967); Municipality of Anchorage v. United States, 980 F.2d 1320, 1323 (9th Cir. 1992).

    **B.   Analysis.**

    **1.   Section 3624(c) claims are not ripe.**

Petitioner claims that through its rules, the BOP refuses to consider inmates for twelve month's pre-release RRC placement, despite the amendment to § 3624(c) increasing RRC eligibility from six months to twelve.  With respect to petitioner's claims that the BOP refuses to consider inmates for twelve months pre-release RRC time, I conclude they are not ripe.  The Second Chance Act was signed April 9, 2008, approximately one month after petitioner filed his initial petition.  In his reply, petitioner concedes that he has not received pre-release RRC

10 - OPINION AND ORDER

placement review under § 3624(c) because three years remain before his projected release date.

In short, a review of the record demonstrates that the April 14, 2008 Memorandum, Program Statement 7310.04, and the October 2008 regulations, all implementing the Second Chance Act, have not been applied to petitioner in a concrete and particularized way.  Because petitioner is not presently entitled to an RRC assessment under § 3624(c), he has not demonstrated a specific present objective harm or a specific future harm.  Bova, 564 F.3d at 1097-98; Thompson v. Smith, 2008 WL 1734495, *4 (E.D.Cal. April 11, 2008, adopted in full, May 5, 2008)(inmate's claim challenging Program Statement 7310.04 and demanding an immediate assessment for RRC placement not ripe); Aguilar v. Woodring, 2008 WL 4375757 (C.D. Cal. August 25, 2008)(inmate's claims challenging the validity of 28 C.F.R. §§ 570.20-21 not ripe and inmate lacked standing).  See also Griffin v. Holt, 2008 WL 5348138 (M.D. Pa., Dec. 17, 2008)(inmate lacked standing to challenge BOP RRC policy).  Because the BOP's rules regarding pre-release RRC placement under § 3624(c) have not been applied to him, those claims are not ripe and he lacks standing to challenge them at this time.

Petitioner also contends that the BOP is refusing to consider RRC transfer requests at earlier points under its broad discretionary power under § 3621(b), using § 3624(c) and its rules to limit RRC placements to the final portion of an inmate's

11 - OPINION AND ORDER

sentence, contrary to Rodriguez. As part of this claim, petitioner specifically challenges the BOP's November 14, 2008 Memorandum, contending that the BOP is using that memorandum to limit RRC placements to six months. The November 14 Memorandum, issued in response to the SCA, offers guidance to BOP staff for considering and responding to requests for RRC transfers when more than twelve months remain prior to an inmate's projected release date. However, it is unclear whether the November 14, 2008 memorandum has been applied to petitioner.

In his initial petition, petitioner contends that respondent refused to consider transferring him to an RRC during his February 2008 Program Review. A Program Review document dated February 28, 2008, indicates that petitioner would be considered for RRC placement 11 to 13 months prior to his projected release date. That document also indicated that another Program Review would occur on August 25, 2008. It is clear that the November 2008 Memorandum did not apply during the February 2008 Program Review.

In the amended petition filed February 10, 2009, petitioner alleges that the BOP denied his "request for transfer to community confinement under § 3621(b) because he had more than three years remaining on his sentence," which seemingly relates to his RRC request in February 2008. (Amended Petition, (#31) ¶ 3.3.) Petitioner also alleges in the amended petition that the "BOP relied upon the . . . November 14th Memoranda in conjunction

12 - OPINION AND ORDER

with Program Statements 7310.04 and 5100.08, in response to prisoner requests for community confinement placements greater than 180 days." (*Id.* at ¶ 3.47.). However, the amended petition fails to specify any particular dates when such RRC requests occurred. Additionally, in his supporting memorandum, petitioner asserts that "[o]n February 28, 2008, the BOP informed Petitioner that his request would not be considered at that time according to the BOP's rules in effect at the time implementing the Second Chance Act." (Memorandum in Support of Amended Petition (#34), p. 24.) Thus, the only specific date relating to an RRC request by petitioner in the record before me occurred in February 2008. Because that request occurred prior to the November 14, 2008 Memorandum, there simply is no evidence to support a finding that the memorandum has been applied to petitioner.

Accordingly, I conclude that petitioner's challenge to the November 14, 2008 Memorandum is not ripe. At this point, there is no basis upon which this court can evaluate whether the BOP is using that memorandum to limit RRC placements to six months.[2] Without a sufficient factual record upon which to determine the parties' actions under the November 14 Memorandum, any decision by this court would be unreliable. The November 14 Memorandum was issued in response to the SCA and prior litigation. Due to

---

[2]Petitioner cites to a BOP report dated November 25, 2008. However, the report discusses RRC utilization rates, which appears to refer to inmate RRC placements at the end of their terms under § 3624(c), as opposed to placements under § 3621(b).

13 - OPINION AND ORDER

the shifting legal landscape, it is clear this court's decision will be on firmer legal footing by waiting for an actual application of that policy.

Although resolution of these issues is undoubtedly important to petitioner, this court can discern no irremmedial adverse consequences from requiring a later challenge following the BOP's actual application of the BOP's November 14 policy. <u>Toilet Goods</u>, 387 U.S. at 164; <u>Association of Am. Med. Colleges v. United States</u>, 217 F.3d 770, 784 (9th Cir. 2000); <u>Anchorage</u>, 980 F.2d at 1326. Thus, I conclude that petitioner's challenges to the November 14 Memorandum are not ripe.

### 2. Petitioner's § 3621(b) claim is ripe.

Petitioner's contention that the BOP categorically refuses to consider his request for a transfer to an RRC based simply on the length of time remaining on his sentence is ripe. This claim was the solitary focus of petitioner's initial petition. And, in his reply, petitioner appears to concede that his claim under § 3621(b) is the only one properly before this court. I conclude there is sufficient evidence in the record before me to evaluate petitioner's claim under § 3621(b).[3]

---

[3] Respondent waived exhaustion as an affirmative defense in response to petitioner's initial petition for habeas corpus relief, as well as the amended petition.

**III. The Merits.**

According to Petitioner, the BOP has improperly refused to consider placing him in an RRC for the remainder of his term pursuant to § 3621(b) and Rodriguez. Petitioner claims that following Rodriguez, the BOP may not refuse to consider his request for RRC placement pursuant to § 3621(b) based simply upon the length of time he has remaining on his sentence.

In Rodriguez, the court invalidated the BOP's 2005 regulations, 28 C.F.R. §§ 570.20-21 (repealed), which prohibited placing inmates in RRCs until they had served 90 percent of their sentences. At that time, the BOP was exercising its discretion to categorically limit RRC time to the shorter of the final ten percent or six months of an inmate's sentence. Id. at 1183. In Rodriguez, the BOP argued that the 2005 regulations were valid based upon § 3624(c)(2000), which limited RRC placement to six months.

The Rodriguez court recognized that the BOP had an affirmative duty to consider placing inmates in RRCs toward the end of their terms under § 3624(c), but that its duty under that statute did not "interfere with the BOP's authority to consider such placement prior to the last ten percent of the prison term." Id. at 1185, citing Wedlestedt v. Wiley, 477 F.3d 1160, 1166 (10th Cir. 2007). Thus, the court ruled that the BOP's

15 - OPINION AND ORDER

discretion under § 3621(b) is separate and distinct from the BOP's obligation under § 3624(c).

The Rodriquez court also determined that consideration of the five factors in § 3621(b) was mandatory in all placement decisions, including those placements made pursuant to § 3624(c). Id. at 1187. The court determined that the 2005 regulations which categorically eliminated consideration of the five factors under § 3621(b) were invalid. The Ninth Circuit held:

> Because the BOP [2005] regulations categorically exclude CCC placement of inmates with more than ten percent of their sentences remaining, they necessarily fail to apply the mandatory factors listed in § 3621(b) to those inmates. This failure to consider the five statutory factors when considering eligibility for placement in or transfer to an RRC violates Congress' clear intent that each of these factors be applied in making inmate transfer or placement determinations[.]"
> Id.

Thus, as the parties agree, Rodriquez requires consideration of the five factors in § 3621(b) when the BOP is making placement determinations.  Id. at 1187; e.g., Levine, 455 F.3d at 85; Woodall, 432 F.3d at 247.

However, petitioner reads Rodriquez to impose an affirmative duty upon the BOP to consider inmate transfers to RRCs under § 3621(b) at any time an inmate so requests.  Petitioner alleges that the BOP's categorical refusal to consider RRC placement prior to the end of his term runs afoul of Rodriquez, and fails to take into account the five factors of § 3621(b).  Rodriquez cannot be read so broadly.

16 - OPINION AND ORDER

Petitioner's position confuses the BOP's *duty* to consider placing an inmate in an RRC under § 3624(c) with the BOP's broad *discretionary* transfer authority under § 3621(b). See <u>Berry v. Sanders</u>, 2009 WL 789890, *5 (C.D.Cal. March 20, 2009)(the BOP may exercise its discretion under § 3621(b) to place an inmate in an RRC, but the BOP is not obligated to do so); <u>Stockton v. Adler</u>, 2008 WL 5136133 (E.D.Cal. Dec. 8, 2008), <u>adopted in full</u>, 2009 WL 188145 (E.D.Cal. Jan. 23, 2009)(inmate has no statutory right to immediate assessment or transfer under § 3621(b)); <u>Comito v. Federal Bureau of Prisons</u>, 2008 WL 850216 *6 (E.D.Cal. March 28, 2008), <u>adopted</u> 2008 WL 2219976 (E.D.Cal. May 27, 2008)(same). <u>See</u> <u>also</u> <u>Hattrick v. Daniels</u>, 2008 WL 1818423 (D.Or. April 21, 2008)(inmates have no constitutional right to a transfer and BOP has sole discretion to designate inmates).

Additionally, petitioner's interpretation could potentially create an unworkable situation for the BOP, requiring it to analyze RRC requests under § 3621(b) at an inmate's whim.[4] <u>See</u> <u>Miller v. Whitehead</u>, 527 F.3d 752, 757 (8th Cir. 2008)(inmate is not "entitled to a full-blown analysis of a transfer, involving

---

[4]Admittedly, it appears that the BOP has imposed upon itself the workable solution not addressed in the <u>Rodriguez</u> decision by issuing the November 14 Memorandum. Under that memorandum, transfer requests may not be automatically denied, but rather are to be given individualized consideration, pursuant to § 3621(b) and Program Statement 5100.08, at the inmate's next Program Review. (Response to Amended Petition,#35, Exh. 6, p.2.) But, as discussed above, the record before this court is devoid factually of its application to petitioner.

17 - OPINION AND ORDER

individualized consideration of all five factors in § 3621(b), whenever the inmate chooses to make such a request"); Muniz v. Sabol, 517 F.3d 29, 36 n.14 (1st Cir.), cert. denied, 129 S. Ct. 115 (2008)(§ 3621(b) does not require individualized consideration until the BOP has decided to exercise its discretion to transfer an inmate).  I decline to infer such an intent.  But see Woodall, 432 F.3d at 250 (five factors of § 3621(b) "must be considered in making determinations regarding where to initially place an inmate, as well as whether *or not* to transfer him")(emphasis in original); Fults v. Sanders, 442 F.3d 1088, 1092 (8th Cir. 2006)("A BOP decision not to transfer an inmate . . . requires the same consideration of the § 3621(b) factors as does the decision to transfer an inmate to a CCC.")

    Rodriguez does require application of the § 3621(b) factors when the BOP decides to consider transferring an inmate.  But here, there is insufficient evidence in the record to indicate that the BOP was considering such a transfer in the February 2008 Program Review.  Based on the record before me, I conclude that the BOP decided not to exercise its discretion to consider transferring petitioner during the February 2008 Program Review.  A Program Review document dated February 28, 2008, indicates that "We'll discuss [RRC placement] 11 to 13 months from release[.]"  Because the BOP was not undertaking an evaluation of petitioner

18 - OPINION AND ORDER

for a transfer at that time, it was not required to consider the § 3621(b) factors.

Petitioner also relies on a May 27, 2008 statement by Karen Angus. In that declaration, Ms. Angus indicates that the Second Chance Act had been passed and that RRC eligibility had been expanded from six months to 12. Ms. Angus went on to state:

> Based on my professional judgment, inmate Sass' request for immediate release should be denied because the most time in an RRC is 12 months, and he has over [three] years left in his federal sentence. It is also unproductive to review inmate Sass for RRC placement at this early stage, which will have to be reviewed again about 17-19 months before February 2012, or at the earliest September 2010.

(Response to Initial Habeas Petition (#12), Declaration of Karen Angus, Exh. 1.)

It is unclear from Ms. Angus' declaration whether she was involved in the decision to deny petitioner's February 2008 RRC request. However, Ms. Angus stated that petitioner's eligibility for RRC placement was not considered:

> Inmate Sass has not provided enough information in this case to give the BOP the opportunity to assess his eligibility for RRC placement. For example, he has not completed his release plans, including obtaining employment.

Based on the entire record before me, I conclude that the BOP was not considering petitioner's RRC transfer request in

19 - OPINION AND ORDER

February 2008.[5]  Accordingly, the BOP did not run afoul of Rodriguez or § 3621(b).

In sum, I conclude that petitioner lacks standing to challenge the BOP's rules under § 3624(c) and those implementing the Second Chance Act.  I further conclude that habeas corpus relief is not warranted on petitioner's claims under § 3621(b) on the record before me.

## CONCLUSION

Based on the foregoing, petitioner's amended petition for writ of habeas corpus (#20) is DENIED, and this proceeding is DISMISSED without prejudice.

IT IS SO ORDERED.

DATED this _23___ day of JULY, 2009.

          _/s/  Malcolm F. Marsh_____
          Malcolm F. Marsh
          United States District Judge

---

[5]The scarcity of evidence in the record is compounded by petitioner's failure to exhaust his claims, which would potentially shed light on the parties' actions.

20 - OPINION AND ORDER